UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DAVID NAGEL,<br><br>　　　　　　　　　　Plaintiff<br><br>　v.<br><br>CORE CIVIC, *et al.*,<br><br>　　　　　　　　　　Defendants | Case No.  2:20-cv-01279-GMN-DJA<br><br>**ORDER** |

**I.　　DISCUSSION**

On July 13, 2020, this Court directed Plaintiff to file a fully complete application to proceed *in forma pauperis*, with complete financial attachments, including both a financial certificate and an inmate account statement for the dates Plaintiff has been present at the facility, no later than September 8, 2020.  (ECF No. 3).

On July 14, 2020, Plaintiff filed response to the Court's July 13, 2020 order indicating he has not been able to obtain an inmate account statement for the dates he has been present at the facility due to the institution's refusal of the request.  (ECF No. 4).

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to begin a civil action in this Court may apply to proceed *in forma pauperis* in order to file the civil action without prepaying the full $400 filing fee.  To apply for *in forma pauperis* status, the inmate must submit all three the following documents to the Court:

> (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),
>
> (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and
>
> (3) a copy of the **inmate's prison or jail trust fund account statement for the**

1 **previous six-month period**.  If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an <u>inmate account statement</u> for the dates he has been present at the facility.

To date, Plaintiff has not filed any inmate account statement in this case.  As previously stated, if Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an <u>inmate account statement</u> for the dates he has been present at the facility.  The Court is aware that officials at Nevada Southern Detention Center are capable of producing an inmate account statement for inmates present at the facility less than six months because the Court has received such statements.

It is important that Plaintiff understand that a <u>financial certificate</u> and <u>an inmate account statement</u> are not the same thing.  Documentation concerning a financial certificate is not documentation about an inmate account statement.  If Plaintiff has difficulty obtaining <u>both</u> a financial certificate and an inmate account statement from prison officials, Plaintiff shall file an affidavit in this case detailing when he requested <u>both</u> documents, who he spoke to about the status of <u>both</u> documents, who he followed up with after he did not receive <u>both</u> documents, and their responses.  Therefore, any affidavit provided by Plaintiff must document his efforts with regard to <u>both</u> a financial certificate and an inmate account statement, not merely a financial certificate.

In other words, if Plaintiff is unable to acquire the necessary documents from prison officials, after making efforts to do so following receipt of this order, he must provide the Court with an affidavit that demonstrates that he has done all that he could to acquire <u>both</u> a financial certificate and an inmate account statement by the Court's deadline.  Plaintiff's affidavit should include dates of his requests, dates of his follow-up requests, names of the prison officials that he spoke to about the matter, and their responses.  If Plaintiff's affidavit demonstrates that he has done all that was possible to acquire <u>both</u> a financial certificate and an inmate account statement, the Court will consider his application to proceed *in forma pauperis* complete.[1]

---

[1] Plaintiff must still submit the first three pages of the application to proceed *in*

Plaintiff should **not** file multiple letters or objections regarding these requirements as this imposes an unnecessary administrative burden on the Court and delays the ability of the Court to address substantive issues in cases. Plaintiff should simply file one affidavit.

The Court will grant Plaintiff **one final extension** until on or before **September 21, 2020**, to file either a fully complete application to proceed *in forma pauperis* containing all three of the required documents or, alternatively, the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials. Absent unusual circumstances, the Court will not grant any further extensions of time. If Plaintiff is unable to file either a fully complete application to proceed *in forma pauperis* with all three required documents or, alternatively, the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials on or before **September 21, 2020**, the Court will dismiss this case without prejudice for Plaintiff to file a new case with the Court when Plaintiff is able to either acquire all three of the documents needed to file a fully complete application to proceed *in forma pauperis* or, alternatively, the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials.

A dismissal without prejudice means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff has either all three documents needed to submit with the application to proceed *in forma pauperis* or, alternatively, the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials. Plaintiff may also choose not to file an application

---

*forma pauperis* on this Court's approved form with his affidavit. If Plaintiff does not submit the first three pages of the application to proceed *in forma pauperis* with the affidavit, the Court will dismiss the case without prejudice for Plaintiff to open a new case when he is able to acquire the required documents.

to proceed *in forma pauperis* and instead pay the full filing fee of $400 on or before **September 21, 2020** to proceed with this case.

The Court will retain Plaintiff's civil rights complaint (ECF No. 1-1), but the Court will not file the complaint unless and until Plaintiff timely files either a fully complete application to proceed *in forma pauperis* with all three documents, or, alternatively, the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials, or pays the full $400 filing fee.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that on or before **September 21, 2020**, Plaintiff will either pay the full $400 filing fee for a civil action (which includes the $350 filing fee and the $50 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. If Plaintiff has not been at the facility a full six-month period, Plaintiff must still submit an inmate account statement for the dates he has been present at the facility.

Alternatively, Plaintiff will file with the Court the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials.

IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or, alternatively, the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire <u>both</u> a financial certificate and an inmate account statement from prison officials, or pay the full $400 filing fee for a civil action on or before **September 21, 2020**, the Court will dismiss this action <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the Clerk of the Court will retain the complaint (ECF No.1-1) but will not file it at this time.

DATED: July 21, 2020.

_____
UNITED STATES MAGISTRATE JUDGE