**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

John David Nagel,

     Plaintiff

v.

Core Civic, et al.,

     Defendants

Case No.: 2:20-cv-01279-JAD-VCF

**Order Screening and Dismissing Complaint with Limited Leave to Amend by November 24, 2021**

     Federal inmate John David Nagel brings this civil-rights action, claiming that his Eighth Amendment rights were violated by the COVID-19 policies and procedures in place during his federal incarceration at Core Civic's Nevada Southern Detention Center (NSDC).  Because Nagel applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.  Although the complaint states that this is a 42 U.S.C. § 1983 action, that statute only works for claims against state actors, which these defendants are not.  So, I liberally construe this action as one under § 1983's federal corollary—the case of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*.[2]  Upon doing so, I find that he has not pled a colorable claim, so I dismiss without leave to amend his claims against Core Civic, Koehn, Laurer, and the John Doe defendants, as amendment would be futile.  And I dismiss Nagel's claims against Jefferson with leave to file an amended complaint by November 24, 2021, if he can cure the defects that I identify in this order.

---

[1] ECF No. 6.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1                                      **Background**

2          Nagel, a federal inmate, was housed at NSDC, which he alleges is operated by private

3    entity Core Civic under contract with the United States Marshal Service and Department of

4    Justice.[3]  Nagel sues Core Civic, Koehn (who is employed as Core Civic's warden at NSDC),

5    Laurer (who is employed as Core Civic's deputy warden at NSDC), Jefferson (who is employed

6    as a United States Marshal), and "John Does."[4]  Nagel brings Eighth Amendment claims and

7    seeks damages.[5]

8                                      **Discussion**

9    **I.       Screening standard**

10         Federal courts must conduct a preliminary screening in any case in which a prisoner

11   seeks redress from a governmental entity or an officer or employee of one.[6]  In its review, the

12   court must identify any cognizable claims and dismiss any claims that are frivolous or

13   malicious.[7]  The court must also dismiss those that fail to state a claim upon which relief may be

14   granted or seek monetary relief from a defendant who is immune from such relief.  All or part of

15   the complaint may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law

16   or fact.  This includes claims based on legal conclusions that are untenable, like claims against

17   defendants who are immune from suit or claims of infringement of a legal interest that clearly

18

19

20
    ───────────────
21   [3] ECF No. 1-1 at 1–2.

     [4] *Id.*
22   [5] ECF No. 1-1 at 2.

23   [6] *See* 28 U.S.C. § 1915A(a).

     [7] *See* 28 U.S.C. § 1915A(b)(1)(2).

                                            2

does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[9]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[10]  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

## II.    Analysis of claims

### A.    Claims against John Does

Nagel lists "John Does" as defendants and alleges that they are staff members.[15]  But a complaint cannot be served on an unnamed person and a lawsuit cannot proceed against a person unless that person has been served.  The use of "Doe" pleading to identify unnamed defendants

---

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id*.

[15] ECF No. 1-1 at 2.

is disfavored.[16]  I recognize that situations exist "where the identity of alleged defendants will not be known prior to the filing of a complaint."[17]  But to the extent possible, a plaintiff should try to identify the names of each defendant and identify them separately by description or number.  It is insufficient to allege Doe defendants as a group because the court must be able to discern which specific unnamed person allegedly violated a plaintiff's rights in a particular claim.  Here, Nagel has neither separately identified an individual John Doe defendant nor stated a colorable claim against him or her.  And to the extent Nagel brings claims against John Does who are Core Civic employees at NSDC for deliberate indifference to unsafe conditions or to serious medical needs, he may not pursue such *Bivens* claims, so I dismiss them with prejudice.

### B.      Claims against Core Civic

Nagel alleges that Core Civic has a contract with the United States Marshal Service and the Department of Justice to house federal inmates at its detention center, NSDC.[18]  As a private entity, Core Civic may not be held liable in a *Bivens* action.[19]  I therefore dismiss without leave all claims against Core Civic because amendment would be futile.

### C.      Claims against Core Civic employees

Nagel alleges facts that could show that the Core Civic employees created unsafe conditions of confinement for him at NSDC, including exposing him to an increased risk of

---

[16] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[17] *Id.*

[18] ECF No. 1-1 at 1.  Nagel also alleges that Core Civic is "employed as a detention center for the United States Marshal Service." *Id.*  To the extent he attempts to sue the detention center itself, he cannot do so because it is a building and is therefore not subject to suit and liability.

[19] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (holding that *Bivens* does not extend to private entities acting under color of federal law).

1  being infected with COVID-19.[20]  In addition, Nagel alleges that some of the people in his

2  section at NSDC felt sick and had symptoms of COVID-19 but were denied medical care by

3  Core Civic employees (though it is not clear whether he is alleging that he was among those).

4  Nagel alleges that the Deputy Warden and head of Medical at NSDC said that the people who

5  were sick in the unit did not qualify for medical treatment because they did not have fevers.[21]

6  Thus, Nagel's complaint appears to bring Eighth Amendment claims against Core Civic

7  employees for deliberate indifference to unsafe conditions of confinement and possibly also for

8  deliberate indifference to serious medical needs.

9       In *Bivens*, the United States Supreme Court held that, even absent statutory authorization,

10  it would enforce a damages remedy to compensate persons injured by federal officers who

11  violated the prohibition against unreasonable search and seizures.  The High Court later

12  expanded *Bivens* damages claims in specific gender-discrimination and inadequate-medical-

13  treatment scenarios involving defendants who were federal employees.[22]  Then in *Ziglar v.*

14  *Abbasi*, the Court significantly limited the availability of *Bivens* actions, cautioning lower courts

15  not to expand *Bivens* remedies outside those specific three scenarios very specific contexts

16  without special circumstances.[23]

17  _____

18  [20] ECF No. 1-1 at 3–8.

   [21] *Id.* at 7.

19  [22] *See Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (permitting a damages remedy for gender
   discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14,
20  19 (1980) (allowing a damages remedy for an Eighth Amendment violation for failure to provide
   adequate medical treatment); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)
21  ("A *Bivens* claim may arise in a new context even if it is based on the same constitutional
   provision as a claim in a case in which a damages remedy was previously recognized.").

22  [23] *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55, 1857–61 (2017) (explaining that a context is new
   if the case differs in any meaningful way from the three previous *Bivens* cases); *Minneci v.*
23  *Pollard*, 565 U.S. 118, 126 (2012) (recognizing that defendant's status as private employee is a
   new context).

1    When a *Bivens* action is brought in a context different from the three recognized

2  scenarios, as is the situation in this plaintiff's case, the availability of alternative remedies will

3  generally preclude the *Bivens* claim.[24]   The alternative remedies and a potential *Bivens* remedy

4  "need not be perfectly congruent."[25]   *Bivens* does not extend to new situations if there is an

5  alternative remedial structure like tort law, injunction actions, or remedial mechanisms

6  established by the BOP for review of a federal prisoner's conditions-of-confinement issues.[26]

7  This is true even if that alternative remedy is less generous than one available under *Bivens*[27] or

8  the plaintiff's claims for those remedies may ultimately fail.[28]   Nagel's claims do not fall into

9  one of the three categories for which *Bivens* claims are authorized, both because the claims raise

10  issues about deliberate indifference to unsafe conditions and because they target employees of a

11  privately operated prison.  So I must consider whether *Bivens* remedies should be extended to

12  this situation.

13

14

---

15  [24] *Ziglar*, 137 S. Ct. at 1858, 1864–65; *Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to extend *Bivens* to Fifth Amendment due-process claim).

16  [25] *Minneci v. Pollard*, 565 U.S. 118, 129 (2012); *see also Vega*, 881 F.3d at 1155 (recognizing that the alternative remedial structure and the potential *Bivens* remedy need not be identical,

17  and "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from a new and freestanding remedy in damages").

18

19  [26] *See Minneci,* 565 U.S. at 131 (holding that *Bivens* claim may not be brought against employees working at a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law); *Malesko*, 534 U.S. at

20  74 (declining to apply *Bivens* where inmate in privately operated prison had full access to the remedial mechanisms established by the BOP, including suits in federal court for injunctive relief and grievances filed through the BOP's Administrative Remedy Program as set forth in 28

21  C.F.R. 542.10); *Vega*, 881 F.3d at 1148 (holding that *Bivens* did not apply to Fifth Amendment

22  due process claim because plaintiff had alternative means for relief against private entity's employees through 28 C.F.R. 542.10).

23  [27] *Minneci*, 565 U.S. at 129.

[28] *Vega*, 881 F.3d at 1155.

1          ### 1.    *Conditions-of-confinement claims*

2          Because Nagel has had access to alternative remedial structures for his conditions-of-

3   confinement claims against the Core Civic employees, this is not a case for a *Bivens* expansion.

4   Nagel could have brought constitutional claims for injunctive relief to address allegedly

5   unconstitutional unsafe conditions, but he chose not to do so.  For example, one of Nagel's

6   greatest concerns appeared to be transfers of other inmates to NSDC over the course of months,

7   and he could have brought a claim seeking an injunction to stop such transfers.  Furthermore,

8   Nagel could have brought a Nevada state-tort-law action for claims like negligence.[29]  So it

9   would not be appropriate under current law to extend *Bivens* in this context, and I dismiss the

10  *Bivens* claims against the Core Civic employees for allegedly unconstitutional conditions of

11  confinement.  Because it is clear that Nagel cannot cure these defects in the *Bivens* claims

12  against the Core Civic employees, I dismiss them with prejudice and without leave to amend.

13         ### 2.    *Deliberate-indifference claims*

14         To the extent that Nagel brings Eighth Amendment claims for deliberate indifference to

15  serious medical needs against the Core Civic employees based on a failure to provide medical

16  care for him when he was sick, I also dismiss those.  Such a claim also represents a new context

17  for the application of *Bivens*.  The Supreme Court has held that if a federal prisoner seeks

18  damages from defendants who are employed by an entity privately operating a federal prison,

19  where "the conduct allegedly amounts to a violation of the Eighth Amendment, and where that

20  conduct is of a kind that typically falls within the scope of traditional state tort law (such as the

21  conduct involving improper medical care at issue here), the prisoner must seek a remedy under

22

23

[29] *See, e.g., Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (2008) (outlining elements of negligence claims under state law).

1 state tort law" and the court cannot imply a *Bivens* remedy.[30]  So Nagel may not pursue his

2 Eighth Amendment claims for deliberate indifference to serious medical needs against the Core

3 Civic employees, and I dismiss them.  And because it is clear that Nagel cannot cure these

4 *Bivens* claims against the Core Civic employees, I dismiss them without leave to amend.

5 ### D.      Claims against Jefferson

6       Nagel alleges that Jefferson is a U.S. Marshal and is therefore an employee of the federal

7 government, not of a private entity, and he claims that Jefferson "is in charge over the care of

8 federal inmates housed within NSDC."[31]  Whether *Bivens* would authorize a claim for this

9 scenario remains to be seen.  But before I even reach that question, I must dismiss Nagel's

10 claims against Jefferson because Nagel has not pled any factual allegations against Jefferson to

11 state any constitutional-violation theory against him.

12       To be liable under *Bivens*, the particular defendant himself must personally have violated

13 the plaintiff's constitutional rights.[32]  Thus, alleging that a defendant held a particular position or

14 that the defendant's subordinate, co-workers, or some other person associated with the defendant

15 violated the plaintiff's civil rights is insufficient to state a colorable claim against the

16 defendant.[33]  So Nagel's allegation that Jefferson is a U.S. Marshal assigned to NSDC is not and

17 cannot be sufficient to state a colorable *Bivens* claim against Jefferson, even if Nagel stated

18 colorable claims against others.  Nagel cannot hold Jefferson liable merely because of his

19

20 [30] *Minneci*, 565 U.S. at 131.

21 [31] ECF No. 1-1 at 2.

22 [32] *Ziglar*, 137 S. Ct. at 1860 (holding that "*Bivens* is not designed to hold officers responsible for acts of their subordinates").

23 [33] *Iqbal*, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

position and because others might have violated his Eighth Amendment rights.  I therefore dismiss the Eighth Amendment claims against Jefferson, but I grant Nagel leave to amend. Although it is not clear that Nagel can state a colorable Eighth Amendment claim against Jefferson and that such a claim would be cognizable under *Bivens* and its progeny, I cannot yet determine that it is impossible for Nagel to allege facts that would be sufficient to state such a claim.  So I dismiss any claims against Jefferson without prejudice and with leave to amend.  If Nagel amends any claim against Jefferson, he must allege facts sufficient to show that *Bivens* extends to the claim against Jefferson, and he must otherwise allege facts sufficient to state a colorable Eighth Amendment claim against Jefferson.

To assist Nagel in determining whether he can state a colorable Eighth Amendment claim and what kinds of true facts he must allege to state one against Jefferson, I provide Nagel with applicable Eighth Amendment law.  If Nagel chooses to file an amended complaint, he should not cite to or discuss the law or make conclusory allegations based on the law.  Rather, Nagel should allege true facts sufficient to state a colorable claim based on this law.  Because it is not clear which Eighth Amendment theory, if any, Nagel seeks to apply to Jefferson, I provide Nagel with law about deliberate indifference to (1) unsafe conditions of confinement and (2) serious medical needs.

### 1.    *Deliberate indifference to unsafe conditions of confinement*

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[34]  The Ninth Circuit has long

---

[34] *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

held that merely being placed in harsh conditions is not a violation of the Eighth Amendment.[35] To establish a violation, a plaintiff must allege facts sufficient to show that a particular condition is, in and of itself, cruel and unusual punishment.[36] Generally, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.[37] To challenge the sufficiency of those conditions under the Eighth Amendment, a plaintiff must meet both an objective and subjective test.[38] The objective prong requires a showing that the deprivation was sufficiently "extreme" to form the basis for an Eighth Amendment violation by examining the conditions of confinement and the length of the prisoner's confinement.[39] And the subjective prong of the Eighth Amendment analysis requires prisoners to establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement, showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety."[40] Mere negligence is insufficient to show a violation of the Eighth Amendment.[41]

If Nagel seeks to amend his complaint to bring a conditions-of-confinement claim against Jefferson, he must allege facts sufficient to show a particular serious risk to his health and safety. He also must allege true *facts* sufficient to show that Jefferson knew of the particular risk and

---

[35] *Hoptowit v. Ray*, 682 F.2d 1237, 1255–56 (9th Cir. 1982) *overruled on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that incorrect classification to maximum-security prison was not a violation of the Eighth Amendment even if it was due to misclassification).

[36] *Hoptowit*, 682 F.2d at 1255.

[37] *Nagel v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

[38] *Id.*

[39] *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Nagel*, 217 F.3d at 731.

[40] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[41] *Id.* at 835–36.

that Jefferson responded unreasonably to that risk.  Nagel should also allege facts sufficient to show what harm Jefferson caused him.  Allegations that Jefferson should have known of a particular risk—but did not—or that he was negligent will be insufficient to state a colorable claim against him.  Conclusory allegations will also be insufficient.  In addition, allegations that would show that Core Civic employees knew of a specific risk and responded unreasonably to that risk will be insufficient to state a claim against Jefferson.  And allegations that Jefferson was the U.S. Marshal assigned to NSDC and that Nagel's constitutional rights were violated at NSDC will be insufficient to state a colorable Eighth Amendment claim against Jefferson.

### 2.    *Deliberate indifference to serious medical needs*

To establish an Eighth Amendment deliberate-indifference-to-serious-medical-needs claim, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[42]  For the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain."[43]  For the second prong, he must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[44]  This requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[45]

---

[42] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[43] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[44] *Id.*

[45] *Farmer*, 511 U.S. at 837; *see also Peralta*, 744 F.3d at 1086.

When a prisoner claims deliberate indifference based on a delay in providing medical treatment, he must show that the delay led to further harm.[46]  Prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted.[47]  Thus, if a prison medical official is denied resources necessary to provide medical care, that person cannot be said to have punished the inmate and cannot be held liable under the Eighth Amendment.[48]  Because deliberate indifference is required, a complaint that a medical provider inadvertently or negligently misdiagnosed or treated a medical condition is <u>not</u> sufficient to state a valid claim under the Eighth Amendment as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."[49]  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.[50]

A mere difference of opinion between medical professionals concerning the appropriate course of treatment, or a difference of opinion between the prisoner-patient and the medical-care provider, also cannot support a claim for deliberate indifference to serious medical needs[51] unless the prisoner can "show that the course of treatment the doctors chose was medically

---

[46] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[47] *Farmer*, 511 U.S. at 844.

[48] *Peralta v. Dillard*, 744 F.3d at 1084; *see also Patkins v. Tran,* No. 15-CV-05073-EMC, 2017 WL 2861914, at *7 (N.D. Cal. July 5, 2017) (holding that because prison policy concerning allowable dental services for prisoners did not include bridges, the law did not impose liability for damages on dentist for not providing a replacement bridge for inmate).

[49] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[50] *See Toguchi  v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

[51] *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

1   unacceptable under the circumstances" and "that they chose this course in <u>conscious</u> disregard of

2   an excessive risk to [the prisoner's] health."[52]  But if a defendant chooses to override medical

3   recommendations and deny a person medical care solely based on an administrative policy that

4   he knows would require an inmate to suffer medically (and not based on differences of medical

5   opinions or because medical care was not medically indicated or would be unhelpful) there may

6   be deliberate indifference.[53]  Advancing a policy that requires subordinates to commit

7   constitutional violations cannot be sufficient for § 1983 liability, however, if the policy does not

8   proximately cause the plaintiff's constitutional harm.[54]  A plaintiff cannot plead a colorable

9   claim on such a theory by merely offering the conclusory statement that there is a policy;[55] the

10  plaintiff must plead facts that show that there is a policy, what the policy is, and what role each

11  particular defendant played in creating that policy.[56]  And because "[t]here is no respondeat

12  superior liability under [§]1983,"[57] every target of a prisoner civil-rights claim must have

13  personally participated in the constitutional deprivation.[58]

14      Nagel's allegations fail to state such a claim against Jefferson, but I am not yet convinced

15  that he can't amend his claim to do so.  If Nagel chooses to amend the complaint to include a

16  claim for deliberate indifference to serious medical needs against Jefferson, he must first identify

17

18  _____

[52] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

19  [53] *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014).

20  [54] *OSU Student All. v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012).

[55] *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009).

21  [56] *Id.* at 678–81.

22  [57] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

23  [58] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

13

the particular serious medical need, including particular symptoms and what medical care Nagel

needed.  He then must allege facts sufficient to show that Jefferson himself knew of these

medical needs but responded unreasonably, causing Nagel specified harm.  Nagel should also

allege facts sufficient to show what harm Jefferson caused.  Allegations that Jefferson should

have known of a specific medical need—but did not—or that Jefferson was negligent will be

insufficient to state a colorable claim against him.  Allegations that would show that Core Civic

employees knew of a specified serious medical need and responded unreasonably will also be

insufficient to state a claim against Jefferson, as will allegations that Jefferson was the U.S.

Marshal assigned to NSDC and that Nagel's constitutional rights were violated at NSDC.

**E.      Nagel is granted leave to amend the claims against Jefferson only.**

I dismiss Nagel's claims against Core Civic, the Core Civic employees, and the John

Does without leave to amend, so Nagel may not pursue them in this action.  But I dismiss any

*Bivens* claim against Jefferson without prejudice and with leave to amend.  Nagel should file an

amended complaint only if he believes that he can state a colorable *Bivens* claim.  If Nagel

chooses to file an amended complaint, he is advised that an amended complaint replaces the

original complaint, so the amended complaint must be complete in itself.   He must allege true

facts sufficient to show that Jefferson himself violated his Eighth Amendment rights and that

*Bivens* extends to the claim.

If Nagel chooses to file an amended complaint, he must comply with Rule 8 of the

Federal Rules of Civil Procedure.  Under Rule 8(a), a complaint must include a short and plain

statement of the claim showing that the pleader is entitled to relief.[59]   Rule 8(e) requires that

---

[59] Fed. R. Civ. P. 8(a).

1  "[e]ach averment of a pleading shall be simple, concise and direct."[60]  A district court has the

2  power to dismiss a complaint when a plaintiff fails to comply with Rules 8(a) and 8(e).[61]  If the

3  factual elements of a cause of action are not organized into a short and plain statement of the

4  particular claim, dismissal for failure to satisfy Rule 8 is proper.[62]  Nagel is advised that, in

5  accordance with Rule 8, a plaintiff may not allege facts that are extraneous and not part of the

6  factual basis for the particular constitutional claims he includes in the complaint.[63]  Nagel must

7  file the amended complaint by November 24, 2021.  An amended complaint cannot include

8  unrelated claims against different defendants.

9  **III.    Motion for appointment of counsel and class certification.**

10        Nagel has moved for appointment of counsel and class certification.[64]  A litigant does not

11  have a constitutional right to appointed counsel in civil rights actions.[65]  Under 28 U.S.C.

12  § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford

13  counsel."  However, the court will appoint counsel for indigent civil litigants only in

14  "exceptional circumstances."[66]  When determining whether exceptional circumstances exist, a

15  court must consider the likelihood of success on the merits as well as the petitioner's ability to

16

17

---

18  [60] Fed. R. Civ. P. 8(e).

19  [61] *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir. 1981).

20  [62] *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir.1988).  *See also Nevijel*, 651 F.2d at 674.

21  [63] *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff says too much).

22  [64] ECF No. 1-2.

23  [65] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[66] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

articulate his claims pro se in light of the complexity of the legal issues involved.[67]  Neither of these considerations is dispositive, and they must be viewed together.[68]  I do not find exceptional circumstances that warrant the appointment of counsel.  Nagel has not stated a colorable claim and there is no longer a pending complaint.  So, he has not shown a likelihood of success.  Therefore, I deny his motion for appointment of counsel.

I also deny his motion for class certification.  Nagel is not an attorney.  Pro se litigants have the right to plead and conduct their own cases personally.[69]  But pro se litigants have no authority to represent anyone other than themselves.[70]  Nagel may therefore not act as an attorney on behalf of any class by filing pleadings and otherwise litigating on behalf of the class, so his motion is denied.[71]  Further, because I dismiss Nagel's complaint, there is no basis for certifying a class.

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that:

- The claims against Core Civic, Koehn, Laurer, and John Does are DISMISSED without leave to amend, as amendment would be futile.  Nagel may not pursue his

---

[67] *Id*.

[68] *Id*.

[69] *See* 28 U.S.C. § 1654.

[70] *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

[71] *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (recognizing the pro se prisoner could not bring class action on behalf of others); *Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001) (unpublished) (holding that pro se plaintiff could not prosecute his action as a class action).

*Bivens* claims against these defendants;

- The claims against Jefferson are DISMISSED with leave to amend by November 24, 2021;

IT IS FURTHER ORDERED that the motion for appointment of counsel and class certification **[ECF No. 1-2] are DENIED**.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a prisoner civil rights complaint, instructions for the same, and a copy of his original complaint. If plaintiff chooses to file an amended complaint to state a colorable claim against Jefferson, he should use the approved form and he shall write the words "First-Amended" above the words "Civil Rights Complaint" in the caption and should cross out the words "42 U.S.C. 1983" and put the word "*Bivens*." **If plaintiff does not file an amended complaint by November 24, 2021, this action will be dismissed with prejudice for failure to state a claim.**

Dated: October 25, 2021

_____

U.S. District Judge Jennifer A. Dorsey