# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| John David Nagel, | Case No. 2:20-cv-01279-JAD-VCF |
| Plaintiff | |
| v. | |
| Core Civic, et. al., | **Order Dismissing and Closing Case** |
| Defendants | |

Plaintiff John David Nagel brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at Core Civic's Nevada Southern Detention Center. On October 25, 2021, this court dismissed plaintiff's claims with leave to amend by November 24, 2021.[1] The court warned the plaintiff that this case would be dismissed and closed if he failed to file an amended complaint by that deadline.[2] Plaintiff neither filed an amended complaint by that deadline nor moved for an extension of time to do so.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[3] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

---

[1] ECF No. 15.

[2] *Id.* at 17.

[3] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

[4] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7] Because this action cannot proceed until and unless plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the away. The circumstances here do not indicate that this case will be an exception: there is no hint that Nagel needs additional time nor evidence that he did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

---

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** for failure to file an amended complaint by the court-ordered deadline, leaving no claims pending. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. **No other documents may be filed in this now-closed case.**

IT IS FURTHER ORDERED that Nagel's application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1) **[ECF No. 11] is GRANTED.**[8] This status doesn't relieve plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

In order to ensure that the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that that the Federal Bureau of Prisons must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **John David Nagel, #20602-006** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of Chief of Inmate Services for FCI Greenville, Federal Correctional Institution, P.O. Box 4000, Greenville, IL 62246.

Dated: December 9, 2021

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] Nagel is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).